# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HASSAN ABPIKAR, | Case No. 1:11-cv-01793-DLB PC |
| Plaintiff, | **ORDER DISMISSING CERTAIN CLAIMS AND DEFENDANTS** |
| v. | ECF No. 17 |
| MARTIN, et al., | |
| Defendants. | |

I.    **Background**

Plaintiff Hassan Abpikar ("Plaintiff") is a prisoner in the custody of the Federal Bureau of Prisons ("BOP").  Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).  On October 27, 2011, Plaintiff filed his complaint.  On August 27, 2012, Plaintiff filed his First Amended Complaint.  ECF No. 17.  On October 10, 2012, the Court screened Plaintiff's First Amended Complaint and found that it stated a cognizable First Amendment claim against Defendant Benov, but failed to state any other claims against any other Defendants.  Plaintiff was provided the opportunity to file a second amended complaint to cure the deficiencies identified.  On April 1, 2013, Plaintiff notified the Court that he wished to proceed only against Defendant Benov on the cognizable claim.  The Court thus issues the following order.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1

1   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

2   monetary relief from a defendant who is immune from such relief.  *Id.* § 1915A(b)(1),(2).

3   "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

4   dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

5   claim upon which relief may be granted."  *Id.* § 1915(e)(2)(B)(ii).

6       A complaint must contain "a short and plain statement of the claim showing that the pleader

7   is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

8   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

9   do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550

10  U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a

11  claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).  While factual

12  allegations are accepted as true, legal conclusions are not.  *Id.*

13  **II.    Summary of First Amended Complaint**

14      Plaintiff was incarcerated at Taft Correctional Institution ("TCI") in Taft, California, where

15  the events giving rise to this action occurred.  Plaintiff names as Defendants: sergeant Martin, officer

16  in charge of the Security Housing Unit; sergeant Barba, chief of security; lieutenant K. Sy., the

17  special investigation service ("SIS") officer in charge of phone monitoring; sergeant Logan,

18  disciplinary hearing officer ("DHO"); Moss, case manager; Dela Cruz, unit manager; Dale Patrick,

19  administrative remedy coordinator; and Michael L. Benov, warden of TCI.

20      Plaintiff alleges the following.  On July 18, 2011, Plaintiff notified Defendant Martin, Barba,

21  K. Sy, Logan, and Patrick via copout (an inmate request to staff) that he was being deprived from

22  joining other Muslims in group prayer.  First Am. Compl. ("FAC") ¶ 9.  Plaintiff contends that he

23  wanted to pray with other Muslim inmates in group prayer, which is done daily from Monday

24  through Friday, in the designated area, but was denied.  *Id.*

25      On July 18, 2011, Plaintiff also notified Defendant Moss via copout that he wanted to pray

26  with other Muslim inmates.  FAC ¶ 10.  Plaintiff stated that allowing him to join the group worship

27  would not breach the security of the prison.  Id.  On July 21, 2011, Defendant Moss responded and

28  informed Plaintiff that his concerns can be addressed to chaplain Maurseth, and that she had notified

2

the chaplain of his issue.  FAC ¶ 11.

On July 18, 2011, Plaintiff also notified Defendant Dela Cruz regarding being allowed to join in the Muslim group prayer.  FAC ¶ 12.  On July 21, 2011, Defendant Dela Cruz responded that Plaintiff would need to contact the chaplain regarding his religion issues, and that Plaintiff was pending a DHO hearing.  FAC ¶ 13.

On July 20, 2011, Plaintiff notified Defendants Barba and K. Sy by copout that he was being denied group worship with other Muslim inmates daily.  FAC ¶ 14.  On July 20, 2011, Plaintiff notified Defendant Benov that he was being denied group worship with other Muslim inmates daily.  FAC ¶ 15.  Defendant Benov responded by stating that if a Muslim inmate is in administrative segregation, and does not have a Muslim cell mate, he is prevented by circumstances beyond his control from attending the congregational prayer, and thus the obligation is lifted.  FAC ¶ 16.

On July 24, 2011, Plaintiff notified, by copout through the chaplain, Defendants Barba, Logan, Martin, and K. Sy, and stated that he was being denied his religious freedom to participate in group worship with other Muslims on a daily basis.  FAC ¶ 17.  None of the previously Defendants responded.  FAC ¶ 18.  On July 26, 2011, Plaintiff again notified Defendant Moss of the deprivation of his group worship.  FAC ¶ 19.  On July 29, 2011, Defendant Moss responded by stating that this issue was addressed by associate warden Puentes on July 20 and July 23 of 2011.  FAC ¶ 20.

Beginning in August of 2011, the holy month of Ramadan started.  FAC ¶ 23.  Plaintiff, via copout, through his counselor Lopez, notified Defendants Martin, K. Sy, Logan, Dale Patrick, Moss, Dela Cruz, Barba, and Benov that he must participate in the sacred ceremony of Ramadan with other Muslims, to break his fast and perform congressional prayer.  FAC ¶ 23. On August 9, 2011, Lopez told Plaintiff to send a copout to the appropriate staff member.  FAC ¶ 24.  On August 9, 2011, Plaintiff again sent a copout through his counselor to Defendants Logan, K. Sy, Barba, Puentes, and Benov, contending that he was being denied group worship with other Muslims and being denied participation in the month of Ramadan.  FAC ¶ 25.  None of the previously listed Defendants responded.  FAC ¶ 26.

On August 18, 2011, Plaintiff via copout notified Defendants Patrick, Martin, and Logan, stating that he had not receive a response to his BP-9 (inmate grievance) regarding the deprivation of

3

the practice of his religion.  FAC ¶ 27.  Plaintiff also contends that Defendants are discriminating against him on the basis of his nationality, race, and religion.  FAC ¶ 28.  Plaintiff is an Iranian American.

Plaintiff lost his Holy Note during the movement of his property when was admitted to the segregated housing unit.  FAC ¶ 30.  The Holy Note contains chapters and verse from the Koran which is to be read on the last day of Ramadan during the group worship sacred ceremony.  FAC ¶ 30.

Plaintiff contends a violation of the First, Eighth, and Fourteenth Amendments, the Religious Land Use and Institutionalized Persons Act of 2000, and California Penal Code section 4027.  Plaintiff requests as relief compensatory and punitive damages, declaratory relief, costs of suit, and an injunction that directs the Warden of TCI to change the prison's unconstitutional practices and prevent violation of constitutional rights.[1]

**III.**   **Analysis**

    **A.**   **First Amendment**

Plaintiff contends that Defendants violated his rights under the First Amendment to free exercise of his religion.  "The right to exercise religious practices and beliefs does not terminate at the prison door.  The free exercise right, however, is necessarily limited by the fact of incarceration, and may be curtailed in order to achieve legitimate correctional goals or to maintain prison security."  *McElyea v. Babbitt*, 833 F.2d 196, 197 (9th Cir. 1987) (citing *O'Lone v. Shabazz*, 482 U.S. 342 (1987)); *see Bell v. Wolfish*, 441 U.S. 520, 545 (1979).  Only beliefs which are both sincerely held and rooted in religious beliefs trigger the Free Exercise Clause.  *Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008) (citing *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994)); *Callahan v. Woods*, 658 F. 2d 679, 683 (9th Cir. 1981)).

Under this standard, "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests."  *Turner v. Safley*, 482 U.S. 78, 89 (1987) *see also Beard v. Banks*, 548 U.S. 521, 526 (2006) (applying *Turner* to First Amendment claims).  First, "there must be a valid, rational connection between the prison regulation

---

[1] Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*."  *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991).

and the legitimate government interest put forward to justify it," and "the governmental objective must itself be a legitimate and neutral one." *Turner*, 482 U.S. at 89.  A second consideration is "whether there are alternative means of exercising the right that remain open to prison inmates." *Id.* at 90 (internal quotations and citation omitted).  A third consideration is "the impact accommodation of the asserted right will have on guards and other inmates, and on the allocation of prison resources generally." *Id.*  "Finally, the absence of ready alternatives is evidence of the reasonableness of a prison regulation." *Id.*

Plaintiff has sufficiently alleged that group worship is rooted in Plaintiff's Muslim faith and a sincerely held belief. Plaintiff states a First Amendment claim against Defendant Benov for denial of group worship while Plaintiff was in administrative segregation.  Plaintiff alleges facts which demonstrate that Defendant Benov was aware that Plaintiff was not permitted to participate in group worship with other inmates, and upheld such deprivation because of Plaintiff's administrative segregation housing.

Plaintiff does not state a First Amendment claim against Defendants Moss, K. Sy, Patrick, Martin, Barba, or Logan.  Plaintiff alleges no facts which demonstrate that the Defendants set in motion a series of acts which the actor knows or reasonably should know would cause others to inflict constitutional harms. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) ("A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."). Plaintiff contends that he had notified Defendants by copout.  However, that is insufficient to demonstrate that Defendants were actually aware of Plaintiff's issues, or had the responsibilities and duties to address such matters. *See Leer v. Murphy*, 844 F.2d 628, 633-34 (9th Cir. 1988) (when determining causation, courts "must take a very individualized approach which accounts for the duties, discretion, and means of each defendant").

Plaintiff fails to state a First Amendment claim regarding the loss of his Holy Note.  Plaintiff alleges no facts which link any Defendants to an act or omission that resulted in the deprivation of his ability to recite the prayer. *Johnson*, 588 F.2d at 743.  Even if Plaintiff had linked a Defendant to

the loss of his property, Plaintiff alleges at most negligence, which is not sufficient to state a First Amendment free exercise claim. *Lewis v. Mitchell*, 416 F. Supp. 2d 935, 944 (S.D. Cal. 2005).

**B.    RLUIPA**

The Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") provides:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution. . . , even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person–
> > (1) is in furtherance of a compelling government interest; and
> > (2) is the least restrictive means of furthering that compelling government interest.

42 U.S.C. § 2000cc-1. RLUIPA "mandates a stricter standard of review for prison regulations that burden the free exercise of religion than the reasonableness standard under *Turner*." *Shakur v. Schriro*, 514 F.3d 878, 888 (9th Cir. 2008) (citing *Warsoldier v. Woodford*, 418 F.3d 989, 994 (9th Cir. 2005)). The Supreme Court has noted "RLUIPA . . . protects institutionalized persons who are unable freely to attend to their religious needs and are therefore dependent on the government's permission and accommodation for exercise of their religion." *Cutter v. Wilkinson*, 544 U.S. 709, 721 (2005).

Plaintiff complains that Defendants violated RLUIPA. Plaintiff fails to state a claim regarding RLUIPA. First, RLUIPA does not apply to federal government action, but only to state and local governments. *Navajo Nation v. U.S. Forest Service*, 535 F.3d 1058, 1077 (9th Cir. 2008). Second, RLUIPA does not apply to private actors. Plaintiff concedes that Defendants are employed at TCI, which is a privately-run federal correctional facility. By its own language RLUIPA applies only to actions by a government.[2]

**C.    California Penal Code Section 4027**

Plaintiff contends that Defendants violated his rights under California Penal Code section 4027, which states: "It is the intention of the Legislature that all prisoners confined in local detention facilities shall be afforded reasonable opportunities to exercise religious freedom. As used in this section 'local detention facility' means any city, county, or regional facility used for the confinement

---

[2] Likewise, the Religious Freedom Restoration Act, 42 U.S.C. §§ 2000bb to 2000bb-4, which is applicable to the federal government, *Sossamon v. Texas*, 131 S. Ct. 1651, 1656 (2011), and is substantially similar to RLUIPA, would not be applicable to a private actor.

1    of prisoners for more than 24 hours."  It is unclear whether this section creates a private cause of

2    action.  Even if it does, Plaintiff fails to state a claim against Defendants for violation of this section.

3    Defendants work at TCI, which is not a local, county, or regional facility.  *See* Cal. Penal Code §

4    6031.4 (definition for local detention facility).

5         **D.**       **Fifth Amendment**

6         The Fifth Amendment forbids the federal government from depriving any person of life,

7    liberty, or property without due process of law.  *Bloom v. State of Ill.*, 391 U.S. 194, 195 (1968).

8    "Where a particular Amendment provides an explicit textual source of constitutional protection

9    against a particular sort of government behavior, that Amendment, not the more generalized notion

10   of 'substantive due process,' must be the guide for analyzing these claims."  *Albright v. Oliver*, 510

11   U.S. 266, 273 (1994); *Patel v. Penman*, 103 F.3d 868, 874 (9th Cir. 1996).  To the extent that

12   Plaintiff complains of the denial of the exercise of his religion, the First Amendment, not the

13   generalized notion of due process under the Fifth Amendment, is applicable.[3]

14        The Due Process Clause of the Fifth Amendment also forbids the federal government from

15   denying equal protection of the laws.  *Davis v. Passman*, 442 U.S. 228, 234 (1979).  "Equal

16   protection analysis in the Fifth Amendment area is the same as that under the Fourteenth

17   Amendment."  *Buckley v. Valeo*, 424 U.S. 1, 93 (1976). Prisoners are protected from invidious

18   discrimination on the basis of race or religion.  *Johnson v. California*, 543 U.S. 499, 512 (2005)

19   (equal protection from invidious discrimination on the basis of race); *Freeman v. Arpaio*, 125 F.3d

20   732, 737 (9th Cir. 1997) (equal protection from intentional discrimination on the basis of religion),

21   *abrogated on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008).

22        To the extent that Plaintiff alleges he was denied equal protection on the basis of race or

23   religion, Plaintiff fails to state a claim.  Plaintiff alleges no facts which indicate that he was

24   discriminated against on the basis of race or religion.  Based on the allegations, Defendant Benov

25   denied Plaintiff group worship access because of his housing in administrative segregation pending a

26   DHO hearing.  This is not discrimination on the basis of race or religious belief.

27   //

28

---

[3]  Negligent deprivation of property fails to state a due process claim.  *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986).

**E.      Fourteenth Amendment**

The Fourteenth Amendment does not apply in the federal context. *San Francisco Arts & Athletics, Inc. v. U.S. Olympic Comm.*, 483 U.S. 522, 543 n. 21 (1987).

**F.      Eighth Amendment**

The Eighth Amendment provides prisoners with the right to be free from cruel and unusual punishments.  Plaintiff alleges no facts which indicate a violation of the Eighth Amendment.

**IV.    Conclusion and Order**

Plaintiff states a cognizable claim against Defendant Benov for deprivation of Plaintiff's access to group prayer in violation of the Free Exercise Clause of the First Amendment.  Plaintiff does not state any other claims against any other Defendants.  Plaintiff was provided to opportunity to cure the deficiencies identified the in order, but opted to proceed only on the cognizable claim against Defendant Benov.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.      This action proceed on Plaintiff's First Amended Complaint against Defendant Benov for violation of the Free Exercise Clause of the First Amendment; and

2.      All other claims and Defendants are dismissed with prejudice for failure to state a claim upon which may be granted.

IT IS SO ORDERED.

Dated:   __April 6, 2013__                          _____ /s/ *Dennis L. Beck*

UNITED STATES MAGISTRATE JUDGE

8