# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HASSAN ABPIKAR,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MARTIN, et al.,<br><br>　　　　Defendants. | Case No. 1:11-cv-01793 LJO DLB PC<br><br>FINDINGS AND RECOMMENDATION REGARDING ORDER TO SHOW CAUSE [ECF No. 33], PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT [ECF No. 35], AND DEFENDANT'S MOTION TO DISMISS [ECF No. 39] |

Plaintiff Hassan Abpikar ("Plaintiff"), a former federal prisoner, is proceeding in forma pauperis in this civil rights action pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). Plaintiff filed his complaint on October 27, 2011.[1] Plaintiff is represented in this action by Angelica M. Ayar, Esq.

On August 27, 2012, Plaintiff filed his First Amended Complaint ("FAC"). (ECF No. 17.) On October 10, 2012, the Court screened Plaintiff's FAC and found that it stated a cognizable First Amendment claim against Defendant Benov, but failed to state any other claims against any other Defendants. Plaintiff was provided the opportunity to file a second amended complaint to cure the deficiencies identified. On April 1, 2013, Plaintiff notified the Court that he wished to proceed only

---

[1] Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on August 27, 2012.

1

against Defendant Benov on the cognizable claim. Therefore, on April 8, 2013, the Court dismissed all other claims and all other defendants. On the same date, the Court directed Plaintiff to complete and return service documents. Plaintiff did so on May 6, 2013.

On May 7, 2013, the Court directed the U.S. Marshal Service to serve Defendant Benov. On July 12, 2013, Plaintiff notified the Court of his release from custody. On August 7, 2013, the summons was returned executed as to the U.S. Attorney's Office and the Attorney General. Subsequently, no action was taken in the case until March 11, 2015, when the Court issued an order directing Plaintiff to show cause why the action should not be dismissed for failure to prosecute.

On March 26, 2015, Plaintiff responded to the order to show cause. In addition, he filed a request for entry of default as to Defendant Benov. On April 8, 2015, Defendant Benov filed an opposition to the motion for entry of default, and a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). On April 22, 2015, Plaintiff filed an opposition to the motion to dismiss. On May 1, 2015, Defendant filed a reply to Plaintiff's opposition.

I.   Order to Show Cause

On March 26, 2015, Plaintiff responded to the order to show cause. Plaintiff states he failed to take action since August 7, 2013, because he was unaware that the summons was returned executed on August 7, 2013. He states he was unaware that Defendant had to file his response by September 15, 2013. He further states he did not know he was required to file a motion for entry of default when Defendant failed to appear, plead, or otherwise defend against the complaint. "Courts in this circuit have an obligation to give a liberal construction to the filings of pro se litigants, especially when they are civil rights claims filed by inmates." Blaisdell v. Frappiea, 729 F.3d 1237, 1241 (9th Cir. 2013). Based on Plaintiff's representations, the Court finds good cause to discharge the order directing Plaintiff to show cause why the FAC should not be dismissed.

II.   Request for Entry of Default

On March 26, 2015, Plaintiff filed a request seeking entry of default against Defendant Benov. Fed. R. Civ. P. 55(a). Plaintiff submits that the U.S. Marshal Service was directed to serve Defendant Benov on May 7, 2013. Plaintiff states the summons was returned executed on August 7, 2013. Therefore, an answer to the FAC was due on September 15, 2013. However, Defendant did

not file an answer or otherwise appear, plead, or defend within the allotted time.  Therefore, Plaintiff states the Clerk should enter default against Defendant.

On April 8, 2015, Defendant Benov appeared in the action by filing an opposition to the request for entry of default, and also a motion to dismiss the FAC pursuant to Rule 12(b)(6). Defendant Benov states that he was never served with the complaint.  Defendant states that the U.S. Marshals Service was directed to notify him of the action and obtain a waiver of service in accordance with Fed. R. Civ. P. 4(d) and 28 U.S.C. § 566(c).  Further, the U.S. Marshals Service was directed to file either a returned waiver of service or personally serve Defendant with a copy of the Court's May 7, 2013, order.  Defendant Benov states he was never notified of the action, the U.S. Marshals Service never requested waivers from him, and the U.S. Marshals Service never served him with a copy of the complaint or the Court's May 7, 2013, Order.  Therefore, Defendant argues, service of process was not effective.

Pursuant to Fed. R. Civ. P. 55(a), the Clerk of Court must enter the default of a party against which a judgment is sought, if that party has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise.  However, default may not be entered where service was ineffective.  Veeck v. Commodity Enters., 487 F.2d 423, 425–26 (9th Cir.1973); Gold Kist, Inc. v. Laurinburg Oil Co., Inc., 756 F.2d 14, 19 (3d Cir.1985); Mettle v. First Union Nat'l Bank, 279 F.Supp.2d 598, 603 (D.N.J. 2003).  In determining whether service was effective, the Court looks to Rule 4 of the Federal Rules of Civil Procedure.  See Direct Mail Specialists v. Eclat, 840 F.2d 685, 688 (9th Cir.1988).  "'Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint.'"  Id. (citation omitted).

Here, it is clear that the U.S. Marshals Service did not effectively serve Defendant Benov with the FAC.  Pursuant to Rule 4(c)(3), the U.S. Marshals Service was directed to serve Defendant. However, the Proof of Service filed with the Court on August 7, 2013, shows that the U.S. Attorney's Office and the Attorney General were the only parties served in this action.  Plaintiff argues that he personally notified Defendant Benov by mailing him a copy of the FAC.  Under Rule 4, this does not constitute effective service.  Since Defendant was never served, entry of default is inappropriate.

3

In addition, no default can be entered if the defendant has filed a response indicating its intent to defend the action. Eclat, 840 F.2d at 689. Since Defendant Benov has appeared in this action and clearly indicated his intent to defend this action by filing a motion to dismiss, default may not be entered.

III. Motion to Dismiss

A. Summary of First Amended Complaint

Plaintiff was incarcerated at Taft Correctional Institution ("TCI") in Taft, California, where the events giving rise to this action occurred. Although Plaintiff named several defendants, the remaining defendant in this case is Michael L. Benov, warden of TCI. Only those facts relating to Defendant Benov are recited below.

Plaintiff alleges the following. On July 20, 2011, Plaintiff notified Defendant Benov that he was being denied group worship with other Muslim inmates daily. Defendant Benov responded by stating that if a Muslim inmate is in administrative segregation, and does not have a Muslim cell mate, he is prevented by circumstances beyond his control from attending the congregational prayer, and thus the obligation is lifted.

Beginning in August of 2011, the holy month of Ramadan started. Plaintiff, via copout, through his counselor Lopez, notified Defendant Benov that he must participate in the sacred ceremony of Ramadan with other Muslims, to break his fast and perform congregational prayer. On August 9, 2011, Plaintiff again sent a copout through his counselor to Defendant Benov, contending that he was being denied group worship with other Muslims and being denied participation in the month of Ramadan. Defendant did not respond.

B. Legal Standard

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)) (quotation marks omitted); Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving

4

party. Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010); Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007); Huynh v. Chase Manhattan Bank, 465 F.3d 992, 996-97 (9th Cir. 2006); Morales v. City of Los Angeles, 214 F.3d 1151, 1153 (9th Cir. 2000). Further, although the pleading standard is now higher, the Ninth Circuit has continued to emphasize that prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012); Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

    C.    Analysis

        1.    Bivens Remedy

Defendant argues the FAC fails to state a claim because a Bivens remedy is unavailable to Plaintiff under the circumstances of the case. Defendant notes that TCI is a privately-operated federal prison. Therefore, Plaintiff is seeking relief from an employee of a private prison rather than a federal officer or employee. Defendant argues that under Minneci v. Pollard, 132 S.Ct. 617 (2012), Plaintiff may not maintain a constitutionally-based damages action against Defendant, since Defendant is an employee of a privately-operated federally contracted correctional facility.

In Bivens, the Supreme Court "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 66 (2001). The Supreme Court held that a victim of a Fourth Amendment violation by federal officials has a federal claim for monetary relief against those officials. See Bivens, 403 U.S. 388 (1971). While it is well established that "Bivens is not confined to Fourth Amendment claims," Wilkie v. Robbins, 551 U.S. 537, 574 (2007), the Supreme Court has restricted the remedy to certain, limited contexts. See, e.g., Davis v. Passman, 442 U.S. 228, 248–249, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979) (allowing Bivens claim seeking money damages for violation of the Due Process Clause of the Fifth Amendment); Carlson v. Green, 446 U.S. 14, 19–20 (1980) (applying Bivens for violations of the Eighth Amendment based on inadequate medical care). While the Supreme Court has extended Bivens to Fourth, Fifth, and Eighth Amendment violations in certain contexts, it has repeatedly declined to extend Bivens for other constitutional violations. The

Supreme Court explained that "implied causes of action are disfavored," and for this reason, "the Court has been reluctant to extend Bivens liability to any new context or new category of defendants. Iqbal, 556 U.S. at 675; see also Minneci v. Pollard, __ U.S.__, __, 132 S.Ct. 617, 622, 181 L.Ed.2d 606 (2012) ("Since Carlson, the Court has had to decide in several different instances whether to imply a Bivens action. And in each instance it has decided against the existence of such an action.").

With respect to alleged violations of the First Amendment such as the case here, the Supreme Court has repeatedly declined to imply a Bivens action. See, e.g., Bush v. Lucas, 462 U.S. 367 (1983) (declining to extend Bivens to First Amendment defamation claims against federal employer); Iqbal, 556 U.S. at 675 ("[W]e have not found an implied damages remedy under the Free Exercise Clause. Indeed, we have declined to extend Bivens to a claim sounding in the First Amendment."); Reichle v. Howards, __ U.S. __, __ n. 4, 132 S.Ct. 2088, 2093 n. 4, 182 L.Ed.2d 985 (2012) ("We have never held that Bivens extends to First Amendment claims.").

Moreover, in this case, Plaintiff alleges a constitutional violation by a defendant who is not a federal officer or employee. In Correctional Services Corp. v. Malesko, 534 U.S. 61, 65-66 (2001), the Supreme Court held that a Bivens action was not permitted against a private entity operating under contract with the Bureau of Prisons. In Minneci, the plaintiff sought damages from employees at a privately run federal prison, claiming that they had deprived him of adequate medical care in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. Minneci, 132 S.Ct. at 617. The Supreme Court declined to recognize an Eighth Amendment Bivens claim against individual employees of privately operated correctional facilities. Id. at 620. For the same reasons, a Bivens remedy is not available in the First Amendment context under the circumstances of this case. Therefore, Plaintiff's claims against Defendant Benov must be dismissed.

### 2. First Amendment

Plaintiff's claim arises from the alleged violation of his rights under the Free Exercise Clause of the First Amendment. "Inmates . . . retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." O'Lone v. Estate of

Shabazz, 482 U.S. 342, 348, 107 S.Ct. 2400 (1987) (internal quotations and citations omitted). The protections of the Free Exercise Clause are triggered when prison officials substantially burden the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith. Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008); Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997), *overruled in part by* Shakur, 514 F.3d at 884-85.

However, lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system. O'Lone, 482 U.S. at 348 (citation and quotation marks omitted). "To ensure that courts afford appropriate deference to prison officials, . . . prison regulations alleged to infringe constitutional rights are judged under a 'reasonableness' test less restrictive than that ordinarily applied to alleged infringements of fundamental constitutional rights." O'Lone, 482 U.S. at 349. Under this standard, when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests. Turner v. Safley, 482 U.S. 78, 89, 107 S.Ct. 2254 (1987) (quotation marks omitted). Further, "'deference is accorded to prison authorities in order to avoid hampering their ability to anticipate security problems and to adopt innovative solutions to the intractable problems of prison administration.'" Ashker, 350 F.3d at 922 (quoting Turner, 482 U.S. at 85, 88.

    a.  Legitimate Penological Interest

Defendant first contends that Plaintiff fails to state a claim because Plaintiff fails to set forth any facts to demonstrate that Defendant's actions were not reasonably related to a legitimate penological interest. Defendant notes, and Plaintiff does not dispute, that Plaintiff was duly confined in the SHU for various code violations at the time he submitted his requests to participate in group worship. Plaintiff does not contend that he was wrongfully confined in the SHU. He argues only that Defendant should have allowed him out of SHU confinement in order to attend group worship.

Plaintiff attempts to provide additional facts in his opposition to Defendant's motion by submitting a declaration. However, Defendant correctly argues that the Court may only consider the facts alleged in the FAC and exhibits attached thereto; the Court may not consider material outside

the complaint such as facts presented in affidavits or briefs that are not attached to the complaint or referenced by the complaint. Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 925 (9th Cir. 2001); see, e.g., Gines v. D. R. Horton, Inc., 699 F.3d 812, 820 (5th Cir. 2012). Defendant is correct that Plaintiff's FAC fails to assert any facts to show Defendant Benov's decision not to let him out of the SHU was not related to a legitimate penological interest. Therefore, deference must be afforded to Defendant Benov's decision to decline Plaintiff's request to be let out of the SHU to attend group worship.

          b.      Substantial Burden

Defendant next argues that Plaintiff fails to state a claim by failing to allege any facts demonstrating that his placement in the SHU caused a substantial burden on the exercise of his religion. Defendant notes that Defendant Benov, in response to Plaintiff's request for administrative remedy, stated:

> Prayer in congregation is mandatory in Islam, if certain conditions are met: 1. There are no impediments (danger to one's self or others), 2. Being able to physically get to the prayer, 3. There is one other person in the area who meets the criteria for praying, and 4. The time for the prayer has entered. If a Muslim inmate is in administrative or disciplinary segregation, and he does not have a Muslim cell mate, then he is prevented by circumstances beyond his control from attending the congregational prayer. Therefore, the obligation is lifted from him.

(FAC, Ex. B.)

Based on the above and the fact that Plaintiff had been placed in the SHU pending a disciplinary hearing, Defendant Benov determined that no substantial burden had been placed on Plaintiff's ability to exercise his religion. Plaintiff's FAC alleges no facts to dispute Defendant's statements, and he has failed to allege any facts demonstrating his confinement in the SHU and Defendant's refusal to allow Plaintiff to leave the SHU for group worship placed a substantial burden or deprived him of the ability to practice his religious beliefs. Therefore, Plaintiff fails to state a claim.

          3.      Mootness

Defendant argues that the claims should be dismissed as moot since Plaintiff has been released from custody as of June 27, 2013. (Patrick Decl., ¶ 9.)

A federal court has no authority to issue opinions upon moot issues.  See County of Los Angeles v. Davis, 440 U.S. 625, 99 S.Ct. 1379 (1979); Aguirre v. S.S. Sohio Intrepid, 801 F.2d 1185 (9th Cir. 1986).  When an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions.  Alvarez v. Hill, 667 F.3d 1061, 1063-64 (9th Cir. 2012); Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001); Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991).

A prisoner's transfer away from the institution at which the challenged conduct is occurring will generally moot any claims for injunctive relief relating to the prison's policies, unless the suit is certified as a class action.  Dilley, 64 F.3d at 1368; see also Nelson, 271 F.3d at 897; Johnson, 948 F.2d at 519.  The claim is not moot, however, if there is a likelihood of recurrence.  Demery v. Arpaio, 378 F.3d 1020, 1026 (9th Cir. 2004) (quotation marks omitted).  The capable-of-repetition-yet-evading-review exception to the mootness doctrine applies when (1) the duration of the challenged action is too short to be litigated prior to cessation, and (2) there is a reasonable expectation that the same party will be subjected to the same offending conduct.  Id. (quotation marks and citations omitted).

Here, there is no demonstrated probability or reasonable expectation that Plaintiff will be incarcerated again at TCI.  Demery, 378 F.3d at 1027 (quotation marks and citations omitted).  See Alvarez v. Smith, 558 U.S. 87, 93 (2009) (exception to mootness doctrine not warranted where nothing in record suggested the individual plaintiffs would likely be again subjected to forfeiture proceedings); Bernhardt v. County of Los Angeles, 279 F.3d 862, 871-72 (9th Cir. 2002) (no indication in complaint that the plaintiff would be subjected to the same situation again); Dilley, 64 F.3d at 1369 (no reasonable expectation inmate would be transferred back to Calipatria where he had been a level IV inmate at Calipatria when he filed suit, but he was later transferred to a lower-security prison and reclassified as a level III inmate); Johnson, 948 F.2d at 519 (inmate's claim against state prison warden moot where inmate had been transferred to a federal prison in a different state and was no longer subject to the state facility's no smoking policy).   Thus, Plaintiff's claims do not meet the mootness exception.

Plaintiff counters that he is also seeking compensatory and punitive damages, and because of this, his claims are not moot.  Plaintiff is correct.  While it is true that Plaintiff's request for injunctive and declaratory relief have become moot, Plaintiff still possesses an interest in the outcome of the case as to damages. On this basis, Defendant's motion to dismiss should be granted as to injunctive and declaratory relief and denied as to compensatory and punitive damages.

## RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that:

1) The Court's order to show cause of March 11, 2015, be DISCHARGED;

2) Plaintiff's request for entry of default be DENIED;

3) Defendant's motion to dismiss for failure to state a claim be GRANTED; and

4) The First Amended Complaint be DISMISSED WITH PREJUDICE, thereby terminating the case in its entirety.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, __ F.3d __, __, No. 11-17911, 2014 WL 6435497, at *3 (9th Cir. Nov. 18, 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 17, 2015**                        /s/ *Dennis L. Beck*
                                                                UNITED STATES MAGISTRATE JUDGE